**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 6, 2022[*]
Decided June 27, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1005

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:18-cr-136 RLM |
| KEVIN CLINTON, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

---

[*] This appeal is successive to case no. 20-2484 and is decided under Operating Procedure 6(b) by the same panel. Circuit Judge Michael Kanne was part of the panel in case no. 20-2484. He died on June 16, 2022, and therefore this case is being resolved by a quorum of the panel under 28 U.S.C. § 46(d). We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Kevin Clinton, who recently received the COVID-19 vaccine, appeals the denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on a new health condition and the persistence of COVID-19. Because the district court did not abuse its discretion in denying his motion, we affirm.

In 2021, we affirmed the denial of Clinton's first motion for compassionate release. The district court, we explained, reasonably ruled that his age (63), his generally healthy condition—despite a mass removed from his face, elevated blood pressure, and history of bronchitis and tobacco use—combined with the Bureau of Prisons' containment of COVID-19 at his prison did not justify relief. *See United States v. Clinton*, 840 F. App'x 21, 22 (7th Cir. 2021).

While that appeal was pending, Clinton filed a second motion for compassionate release. He pointed out that, as a 64-year-old, he would soon join an age group with heightened risks of COVID-19 complications, according to the Centers for Disease Control and Prevention. He renewed his assertion that the Bureau has trouble fighting COVID-19, added that after the district court denied his first motion he twice contracted COVID-19, and asserted that he has an irregular heartbeat, which he attributes to the disease. Clinton has since been vaccinated against COVID-19, but he argued that the vaccine does not guarantee immunity, particularly for someone his age.

In a brief order, the district court again denied relief. The court confirmed that Clinton was fully vaccinated against COVID-19 and ruled that neither his age nor his irregular heartbeat demonstrated extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i).

On appeal, Clinton challenges the determination that he did not establish an extraordinary and compelling reason for compassionate release, but the district court's decision is sound. It reasonably found that any risk that Clinton could contract a third case of COVID-19 is not an extraordinary and compelling reason for release because he is now vaccinated. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Clinton offers three responses, but none is persuasive.

First, he argues that the court ignored his assertion that the vaccine does not protect him as effectively as it does younger people. But the district court appropriately gave weight to Clinton's vaccination status because he never presented, as he must,

individualized medical evidence of special vulnerability to severe infection despite his vaccination. *See id.*; *United States v. Kurzynowski*, 17 F.4th 756, 761 (7th Cir. 2021).

Second, Clinton maintains that, in ruling that his irregular heartbeat was not an extraordinary and compelling reason for release, the court ignored test results showing his irregular heartbeat and made an unsupported medical judgment. *See United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021). We disagree. Although it never expressly referred to Clinton's test results, the court did not doubt that his heartbeat was irregular. And it reasonably denied relief—despite the heartbeat issue—because Clinton bore the burden of presenting medical evidence that his heartbeat elevated his risk for COVID-19, and he did not. *See id*. at 488–89.

Lastly, Clinton contends that the court unfairly overlooked his argument that the Bureau is not preventing the spread of COVID-19 in its facilities, but we find the court's explanation sufficient. In denying the motion, the court reasonably referred to its denial of Clinton's first motion and to Clinton's failure to "present any new evidence." In the earlier denial, the court acknowledged that the Bureau "struggled in its fight against COVID-19." But as we ruled in the prior appeal, the district court permissibly concluded that this concern was not unique to Clinton's prison and was thus not an extraordinary and compelling basis for release. *See Clinton*, 840 F. App'x at 22. Given our assessment and the absence of new evidence, the district court acted within its broad discretion in denying Clinton's second motion.

AFFIRMED